**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
Isabel Rose Masanque (SBN 292673)
isabelm@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
Tel: (415) 534-1911
Fax: (888) 422-5191

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAHN, individual and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OPEN DOOR COMMUNITY HEALTH CENTERS, a California Corporation; TRIZETTO PROVIDER SOLUTIONS, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No: 1:26-cv-02267-RMI <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> <u>Hearing</u> <br> Date: May 26, 2026 <br> Time: 11:00 a.m. <br> Courtroom: Eureka-McKinleyville Courthouse <br> Magistrate Judge: Hon. Robert M. Illman |

-i-

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE that, on May 26, 2026, at 11:00 a.m. or as soon thereafter as may be heard in Eureka-McKinleyville Courthouse of the United States District Court for the Northern District of California, located at 3140 Boeing Avenue, McKinleyville, CA 95519, Plaintiff CHARLES HAHN ("Plaintiff") will, and hereby do, move this Court for an order remanding this case to the Superior Court for the State of California, County of Humboldt,  pursuant to 28 U.S.C. § 1447(c).

Additionally, Plaintiffs also seek an award of their just costs and actual expenses, including attorney's fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c), in the amount of $6,929.50.

This Motion is based on this Notice of Motion and Motion; and the Memorandum of Points and Authorities appended hereto; all papers and pleadings on file with the Court in this action; and on any and all further oral or documentary evidence as the Court may consider in connection with the hearing on this Motion.

Dated: April 14, 2026                                  **POTTER HANDY, LLP**

                                          By: ___/s/James M. Treglio_____
                                                    James M. Treglio
                                                    Counsel for Plaintiff

Plaintiffs' Motion to Remand                                          1:26-cv-02267-RMI

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................................................iv

Cases    iv

Statutes iv

I.       INTRODUCTION..............................................................................................................1

I.       FACTUAL AND PROCEDURAL BACKGROUND ........................................................1

II.      LEGAL STANDARD .......................................................................................................3

III.     ARGUMENT ...................................................................................................................4

         A.      Defendants Fail to Establish Amount in Controversy Exceeding $5,000,000. ..................4

                 1.      CMIA statutory damages ........................................................................5

                 2.      CCPA statutory damages ........................................................................5

                 3.      Alleged actual damages ..........................................................................6

                 4.      Attorneys' fees .......................................................................................7

                 5.      Injunctive relief valuation ......................................................................7

         B.      Defendants' Assumptions Are Not Supported by Competent Evidence. ...........................8

         C.      Defendants Improperly Aggregates or Double Counts Damages.......................................9

         D.      CAFA Exceptions Apply. .................................................................................................9

         E.      The U.S. Attorney Notice Reinforces That Open Door Remains a Local Defendant. ......10

         F.      Plaintiff is entitled to just costs and actual expenses, including attorney's fees, under 28

         U.S.C. § 1447(c). .........................................................................................................11

IV.      CONCLUSION ...............................................................................................................13

Plaintiffs' Motion to Remand                                                    1:26-cv-02267-RMI

**TABLE OF AUTHORITIES**

**Cases**

*Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)..........................................3, 5, 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)...............................passim

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).......................................................3, 6

*Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016).........................3, 7

*Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)..........................................................................3

*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013)...............................................4

*Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013)............................................................4

**Statutes**

28 U.S.C. § 1447(c) ...................................................................................................................................ii

42 U.S.C. § 233(l)(1) ...............................................................................................................................10

Plaintiffs' Motion to Remand                                                    1:26-cv-02267-RMI

## I.    INTRODUCTION

This is a California-only data-breach putative class action pleading California statutory and common-law claims concerning alleged unauthorized access to patients' medical and personal information. The putative class is expressly limited to citizens of California. Defendant TriZetto Provider Solutions, LLC ("TriZetto") removed solely under the Class Action Fairness Act ("CAFA"), asserting—without evidence—that the aggregated amount in controversy "easily exceeds" $5,000,000. TriZetto's Notice of Removal rests on speculation, unstated multipliers, and "may exceed" conjecture about the cost of injunctive relief. That is not enough.

CAFA jurisdiction requires TriZetto to establish, among other elements, an aggregated amount in controversy exceeding $5,000,000. Plaintiff alleges cognizable damages arising from TriZetto's conduct, but the jurisdictional issue is whether TriZetto has carried its burden to prove, with competent evidence, that the amount in controversy exceeds that threshold. It has not. TriZetto's submission does not establish a $5,000,000 amount in controversy because it relies on unsupported assumptions and inflated figures for purported "actual damages," attorney's fees, and injunctive relief, without competent evidentiary support. Once Plaintiff contests TriZetto's jurisdictional allegation, TriZetto must come forward with evidence—not conjecture. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation."). Because TriZetto has not met its burden to support its $5,000,000 assertion with competent proof, and instead relies on speculation and double counting, the Court should remand for lack of subject-matter jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this putative class action in the Superior Court of California, County of Humboldt, on February 2, 2026. Plaintiff alleges he is a California resident and was a patient of Defendants, and that Defendants maintained his individually identifiable medical information and personal identifying information. (Compl. ¶¶ 19–20.) Plaintiff alleges Open Door Community Health Centers ("Open Door") is a California nonprofit community health care organization and California corporation with its principal place of business in Arcata, California. (Compl. ¶ 21.) Plaintiff alleges TriZetto is a Delaware

-1-

Plaintiffs' Motion to Remand                                      1:26-cv-02267-RMI

limited liability company and a U.S. healthcare information technology and services company with a principal place of business in Earth City, Missouri. (Compl. ¶ 22.)

Plaintiff alleges Defendants provided notice, dated January 7, 2026, of a data security incident in which an unauthorized third party gained access to TriZetto's network "on or about November 2024," and that the "breach/unauthorized access was contained on or about October 2, 2025." (Compl. ¶¶ 31–33.) Plaintiff alleges the affected information may have included "Full Name, Address, Date of Birth, Social Security Number (SSN); Health Insurance [i]nformation, provider name, primary insured or dependent information and other demographic information." (Compl. ¶ 33.)

Plaintiff seeks to represent a putative class defined as: "All citizens of the State of California who provided their personal medical information to Defendants on or before October 2, 2025, and who received notices from Defendants that their information was compromised." (Compl. ¶¶ 3, 94.) Plaintiff alleges he "is informed and believes" the total number of putative class members exceeds 500 persons. (Compl. ¶ 95.)

The Complaint asserts claims for (1) violation of the Confidentiality of Medical Information Act ("CMIA"), (2) violation of the California Consumer Privacy Act ("CCPA"), (3) violation of the California Privacy Rights Act ("CPRA"), (4) negligence, and (5) negligence per se. (Compl. ¶¶ 102–145.) As relevant here, Plaintiff seeks CMIA nominal damages of $1,000 "for each violation" under California Civil Code section 56.36(b)(1). (Compl. ¶ 108.) Plaintiff also seeks relief under CCPA section 1798.150(a), including "recovery of actual damages or damages in an amount not less than $100 and not greater than $750 per consumer per incident, whichever is greater," as well as injunctive or declaratory relief and "attorneys' fees and costs pursuant to Cal. Code Civ. P. § 1021.5." (Compl. ¶ 110.) Plaintiff additionally seeks injunctive relief requiring, among other things, periodic third-party security audits and testing, automated security monitoring, training, network segmentation, data deletion, database scanning, and ongoing education measures. (Compl., Prayer for Relief ¶ c(i)–(viii).)

On March 16, 2026, TriZetto removed this action to the Northern District of California under CAFA. (Not. of Removal at 1–2.) TriZetto asserts CAFA jurisdiction on the basis that (a) the putative class has more than 100 members (relying on Complaint allegations), (b) minimal diversity exists, and

-2-

(c) the amount in controversy exceeds $5,000,000. (Not. of Removal at 3–6.) Although Plaintiff alleges cognizable harm and damages, TriZetto bears the burden of proving with competent evidence that the amount in controversy exceeds CAFA's $5,000,000 threshold. For amount in controversy, TriZetto points to CMIA statutory damages of $1,000 per violation, CCPA statutory damages "up to $750," purported "actual damages" it contends are "potentially 'up to $1,000,'" a request for attorneys' fees, and injunctive relief that TriZetto asserts "on its own may exceed $5,000,000." (Not. of Removal at 4–6.) TriZetto further asserts no CAFA exception applies. (Not. of Removal at 6.)

## II.    LEGAL STANDARD

A removing defendant must set out the jurisdictional basis for removal. A notice of removal is "only required to 'allege the underlying facts supporting each of the requirements for removal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (quoting the governing standard). But in CAFA cases, while a notice may initially plead a plausible amount in controversy, "[A] notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. 81, 89 (quoting the Supreme Court's standard).

Critically, once Plaintiff contests the amount-in-controversy allegation, TriZetto must do more than hypothesize. "Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89 (quoting the evidentiary requirement). In assessing an inferred amount in controversy, the Ninth Circuit permits reasonable assumptions, but only where they have an evidentiary or logical foundation: "assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have some reasonable ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting the Ninth Circuit's standard).

Where fee-shifting is authorized, attorneys' fees may be included in the amount in controversy, but only to the extent the record supports a non-speculative estimate. As the Ninth Circuit explains: "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or

-3-

discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (quoting the inclusion rule).

For injunctive relief, the Ninth Circuit recognizes that the amount in controversy can include the defendant's compliance cost—the "cost of complying with an injunction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (quoting the compliance-cost principle). But the existence of that principle does not relieve a removing defendant of its burden to support its valuation with competent evidence once contested. *Dart Cherokee*, 574 U.S. at 89 (requiring evidence once challenged).

Finally, TriZetto's Notice addresses CAFA's "local controversy" and "home state" exceptions. These exceptions are "not jurisdictional." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013) (quoting the Ninth Circuit's characterization). And, as TriZetto correctly notes, the party invoking a CAFA exception bears a burden: Plaintiff bears the "burden of proof" by "a preponderance of the evidence" to establish an exception. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (quoting the Ninth Circuit's burden statement). But CAFA exceptions are reached only if TriZetto first establishes CAFA jurisdiction—including the $5,000,000 amount in controversy requirement. TriZetto does not.

## III.    ARGUMENT

### A.  Defendants Fail to Establish Amount in Controversy Exceeding $5,000,000.

TriZetto's Notice of Removal identifies five categories that it contends place more than $5,000,000 in controversy: (i) CMIA statutory damages, (ii) CCPA statutory damages, (iii) actual damages, (iv) attorneys' fees, and (v) injunctive-relief compliance costs. (Not. of Removal at 4–6.) Plaintiff alleges cognizable harm and damages, but for CAFA purposes TriZetto bears the burden to prove with competent evidence that the aggregated amount in controversy exceeds $5,000,000. It has not done so. Some of TriZetto's asserted categories are unsupported by competent proof, others are arithmetically insufficient even on TriZetto's own assumptions, and TriZetto's overall theory depends on impermissible stacking and double counting.

-4-

### 1. CMIA statutory damages

TriZetto relies on Plaintiff's request for CMIA nominal damages of $1,000 per violation. (Not. of Removal at 4 (citing Compl. ¶ 108); see also Compl. ¶ 108.) Plaintiff alleges cognizable statutory harm and seeks CMIA damages, but for CAFA purposes TriZetto bears the burden to prove with competent evidence the number of violations and the resulting amount in controversy. It has not done so. TriZetto identifies no competent evidence of the number of putative class members, the number of alleged "violations" per person, or any classwide multiplier that would plausibly move CMIA damages toward $5,000,000.

Even accepting TriZetto's premise that the putative class has "at least 500 members" (Not. of Removal at 4; Compl. ¶ 95), a single $1,000 award per person yields only $500,000—well below CAFA's threshold. TriZetto's Notice provides no evidence or analysis establishing any greater number of violations per class member, and no evidence establishing any number of affected California citizens beyond the bare allegation that the class "exceeds 500." (Compl. ¶ 95.) If TriZetto intends to multiply CMIA "violations" beyond one per class member, it must support that approach with evidence and a legally grounded theory of what constitutes separate CMIA "violations" for aggregation purposes. It does neither.

In short, TriZetto invokes the CMIA damages category, but offers no competent proof that CMIA nominal damages, whether standing alone or as multiplied, contribute to an amount in controversy exceeding $5,000,000.

### 2. CCPA statutory damages

TriZetto next cites CCPA damages "of up to $750," pointing to the statutory range alleged in the Complaint. (Not. of Removal at 4 (citing Compl. ¶ 110); see also Compl. ¶ 110.) But TriZetto does not—and cannot—satisfy its burden by merely selecting the top of a statutory range and assuming that maximum applies across the class, without any evidentiary or logical basis.

The Complaint alleges an "incident" involving unauthorized access and seeks CCPA relief for alleged failure to maintain reasonable security. (Compl. ¶¶ 31–33, 110, 113–114.) Nothing in the Notice of Removal supplies evidence that any trier of fact would award the maximum statutory amount ($750)

-5-

Plaintiffs' Motion to Remand                                      1:26-cv-02267-RMI

for every class member, rather than some lower figure within the statutory range. Nor does TriZetto supply evidence of the number of class members who could recover under the CCPA private right of action as pleaded.

Under controlling Ninth Circuit law, TriZetto may rely on assumptions only if they have "some reasonable ground underlying them." *Arias*, 936 F.3d at 927 (quoted). TriZetto provides none for the across-the-board maximum.

### 3. Alleged actual damages

TriZetto then asserts "actual damages" of an unspecified amount, "potentially 'up to $1,000,'" contending Plaintiff "alleges" that figure as the "value of the information involved." (Not. of Removal at 4 (citing Compl. ¶ 84).) The Complaint does not allege a uniform classwide actual-damages figure of $1,000 per person. Rather, its discussion of data value—including reference to black-market pricing and identity-theft kits—is pleaded as general context regarding the risks and harms associated with compromised information, not as a concrete allegation that every class member sustained $1,000 in measurable actual damages. (See, e.g., Compl. ¶¶ 76–93, 84.)

The Complaint does allege actual harm and damages, including time spent mitigating, increased risk, and other consequences, but TriZetto offers no competent evidence showing that any such actual damages can be measured on a classwide basis at $1,000 per person, whether as out-of-pocket loss, identity-theft loss, mitigation expense, or other economic injury. (Compl. ¶¶ 14, 90–91.)

Moreover, the CCPA remedy as pleaded is expressly alternative: Plaintiff seeks "recovery of actual damages or damages in an amount not less than $100 and not greater than $750 per consumer per incident, whichever is greater." (Compl. ¶ 110.) TriZetto's Notice nevertheless treats "CCPA damages up to $750" and separate "actual damages … up to $1,000" as additive categories. (Not. of Removal at 4.)

That improperly inflates the amount in controversy by stacking remedies the Complaint pleads in the alternative. Accordingly, while actual damages are alleged, TriZetto has not carried its burden to prove with competent evidence a classwide actual-damages amount of $1,000 per person, or to count that category separately from the CCPA statutory-damages category.

Plaintiffs' Motion to Remand

1:26-cv-02267-RMI

#### 4. Attorneys' fees

TriZetto argues that attorneys' fees should be included in the amount in controversy, citing the general proposition that fees may be included where authorized. (Not. of Removal at 4–5.) Plaintiff does seek attorneys' fees under California Code of Civil Procedure section 1021.5 in connection with the CCPA claim. (Compl. ¶ 110.) And TriZetto is correct, as a general matter, that attorneys' fees "may be included in the amount in controversy" where authorized. Galt, 142 F.3d at 1156 (quoted).

But inclusion is not the same as valuation. TriZetto offers no evidence and no case-specific calculation supporting any particular fee amount. It provides no lodestar estimate, no billing-rate evidence, no projected hours, no description of anticipated motion practice, and no basis for the "25% benchmark" it references. (Not. of Removal at 5.) A conclusory invitation to assume substantial future fees cannot carry TriZetto's burden once the amount is contested. *Dart Cherokee*, 574 U.S. at 89 (quoted) (requiring evidence once challenged).

Once the amount in controversy is contested, a conclusory assumption of substantial future fees cannot substitute for proof. *Dart Cherokee*, 574 U.S. at 89 (quoted). Nor has TriZetto shown, with competent evidence, that its damages theories together with any reasonably supported fee award would place more than $5,000,000 in controversy. On this record, TriZetto's reliance on attorneys' fees is therefore speculative and insufficient to establish CAFA jurisdiction.

#### 5. Injunctive relief valuation

TriZetto's primary attempt to clear $5,000,000 is its assertion that Plaintiff's requested cybersecurity injunction is so burdensome that the "costs of compliance … on its own may exceed $5,000,000." (Not. of Removal at 5–6.) That is the paradigmatic speculative assertion that cannot sustain federal jurisdiction once contested.

To be sure, the Ninth Circuit recognizes that the amount in controversy can include the defendant's "cost of complying with an injunction." *Gonzales*, 840 F.3d at 648–49 (quoted). But TriZetto submits no declaration, no vendor quote, no budget, no internal cost estimate, and no concrete valuation of any of the injunctive measures sought in the Complaint's prayer—including third-party audits and testing, automated monitoring, training, firewalls and access controls, data deletion, and

Plaintiffs' Motion to Remand                                   1:26-cv-02267-RMI

regular database scanning. (Compl., Prayer for Relief ¶ c(i)–(viii).) TriZetto simply asserts the injunction "may exceed" $5,000,000. (Not. of Removal at 6.) Under *Dart Cherokee*, that kind of conjecture does not satisfy TriZetto's burden once Plaintiff contests the amount in controversy. 574 U.S. at 89 (quoted).

TriZetto also does not attempt to distinguish between (a) costs it might incur regardless of this lawsuit (e.g., remediation and security measures already required by industry practice, contract, regulation, or other obligations) and (b) incremental costs attributable to complying with the specific injunctive relief sought for the putative class in this case. Without competent proof, TriZetto's claim that the injunction itself may exceed $5,000,000 is not an "amount in controversy" showing; it is speculation.

**B. Defendants' Assumptions Are Not Supported by Competent Evidence.**

TriZetto's Notice of Removal does not establish with competent evidence that more than $5,000,000 is in controversy. Plaintiff alleges cognizable harm and seeks damages, attorneys' fees, and injunctive relief, but once Plaintiff contests TriZetto's jurisdictional allegation, TriZetto must prove the requisite amount with evidence. *Dart Cherokee*, 574 U.S. at 89 (quoted). TriZetto relies on the proposition that assumptions need only have "some reasonable ground underlying them." *Arias*, 936 F.3d at 927 (quoted). But TriZetto provides no reasonable ground for the key assumptions necessary to reach $5,000,000.

Specifically, TriZetto assumes:

- maximum statutory damages for each class member under multiple statutes (Not. of Removal at 4);

- a separate, classwide "actual damages" figure "up to $1,000," based on generalized allegations about data value rather than evidence of uniform classwide loss (Not. of Removal at 4 (citing Compl. ¶ 84));

- attorneys' fees large enough to bridge the remaining multi-million-dollar gap, without any case-specific estimate (Not. of Removal at 4–5); and

-8-

Plaintiffs' Motion to Remand                                          1:26-cv-02267-RMI

- injunctive-relief compliance costs exceeding $5,000,000, without any concrete valuation evidence (Not. of Removal at 5–6).

Those assumptions are not supported by competent proof. The Court should therefore reject TriZetto's speculative chain of assumptions as insufficient to establish CAFA jurisdiction.

### C.  Defendants Improperly Aggregates or Double Counts Damages.

TriZetto's Notice inflates the amount in controversy by stacking categories that are alternative or overlapping. Plaintiff does allege cognizable harm and actual damages, but TriZetto still bears the burden to prove with competent evidence what amounts may properly be counted, and counted only once, for CAFA purposes.

Most notably, TriZetto lists CCPA statutory damages of up to $750 per consumer per incident (Not. of Removal at 4), and separately lists "actual damages … up to $1,000" based on the "value of the information involved." (Id.) But the Complaint pleads the CCPA remedy in the alternative: "actual damages or damages … $100 … $750 … whichever is greater." (Compl. ¶ 110.) TriZetto's additive framework assumes both forms of relief at once, contrary to the remedy structure Plaintiff actually pleads. Nor has TriZetto provided competent evidence establishing a uniform, classwide "up to $1,000" actual-damages figure based on the alleged harms, mitigation time, or asserted value of the information.

On this record, TriZetto has not shown that any actual-damages amount may be aggregated as a separate add-on to CCPA statutory damages, or that doing so would avoid double counting the same alleged harm across overlapping theories of recovery. The Court should reject that inflated aggregation approach as unsupported and insufficient to establish CAFA jurisdiction.

### D.  CAFA Exceptions Apply.

TriZetto argues "No CAFA Exceptions Apply," but its discussion contains material legal errors. (Not. of Removal at 6.)

First, TriZetto states the "local controversy" exception cannot apply because it requires "less than two-thirds of the members" be citizens of the forum state, and it cites 28 U.S.C. § 1332(d)(3). (Not. of Removal at 6.) That is not the "local controversy" exception; section 1332(d)(3) is a separate discretionary provision. TriZetto's argument also makes no sense on its own terms, given that the

Plaintiffs' Motion to Remand                                1:26-cv-02267-RMI

putative class is defined as California citizens. (Compl. ¶¶ 3, 94.) At minimum, TriZetto's statutory misstatement underscores why the Court should require a precise, evidence-based jurisdictional showing rather than accept conclusory assertions.

Second, TriZetto argues the "home state" exception cannot apply "because similar actions have recently been filed elsewhere," citing 28 U.S.C. § 1332(d)(4)(A)(ii). (Not. of Removal at 6.) But section 1332(d)(4)(A)(ii) is an element of the local-controversy exception, not the home-state exception. TriZetto's conflation of distinct statutory provisions further highlights the inadequacy of its CAFA analysis.

In any event, the Court need not reach exceptions unless TriZetto first establishes CAFA jurisdiction—including the $5,000,000 amount in controversy requirement. It has not. Moreover, based on the face of the pleadings, the putative class is limited to California citizens (Compl. ¶¶ 3, 94), and Open Door is alleged to be a California corporation with its principal place of business in California (Compl. ¶ 21). Those allegations matter to CAFA exceptions, but TriZetto's threshold jurisdictional failure independently requires remand.

### E. The U.S. Attorney Notice Reinforces That Open Door Remains a Local Defendant.

After removal, the United States filed a notice pursuant to 42 U.S.C. § 233(l)(1) stating that Open Door is not deemed a Public Health Service employee "with respect to the actions or omissions that are the subject of this action," and that "[a]ccordingly, the United States will not remove this case to federal court or defend this civil action." (Notice of the United States Under 42 U.S.C. § 233(l)(1) ¶¶ 3–4 (Apr. 2, 2026).)

Plaintiff does not offer the § 233 notice as an independent basis for remand. But it confirms what the pleadings already establish: Open Door remains a non-federal, in-state defendant in this case. That reinforces the case's local alignment and undercuts any suggestion that post-removal federal substitution or federal defense would alter party alignment relevant to CAFA's local-defendant considerations.

-10-

**F. Plaintiff is entitled to just costs and actual expenses, including attorney's fees, under 28 U.S.C. § 1447(c).**

Under 28 U.S.C. § 1447(c), a remand order may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal. Fees are appropriate where the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065–66 (9th Cir. 2008).

An award is warranted here. TriZetto removed solely under CAFA, yet it did not establish—with competent evidence—that more than $5,000,000 is in controversy. Instead, its Notice of Removal rests on speculation layered upon speculation. TriZetto invoked CMIA nominal damages without evidence of the number of compensable violations; assumed top-of-the-range CCPA statutory damages across the putative class without evidentiary support; treated alleged "actual damages" as a separate additive category even though the Complaint pleads actual damages or statutory damages in the alternative; posited substantial future attorneys' fees without any case-specific lodestar, rate, or hours estimate; and, most tellingly, asserted without a declaration, budget, vendor quote, or any other proof that the requested cybersecurity injunction "on its own may exceed $5,000,000." Once Plaintiff contests the amount in controversy, that is not enough. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). And while assumptions may be used in an amount-in-controversy analysis, they must have "some reasonable ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). TriZetto's do not.

The lack of objective reasonableness is especially clear because TriZetto's own identified categories do not plausibly reach CAFA's threshold absent impermissible stacking and an entirely unsubstantiated injunction valuation. TriZetto separately counted CCPA statutory damages and supposed "actual damages," notwithstanding that the CCPA remedy pleaded in the Complaint is alternative, not cumulative. It likewise cited the abstract availability of attorneys' fees, but offered no competent basis for any figure that could bridge the large gap between its supported amounts and $5,000,000. A removing defendant is not entitled to force remand motion practice by relying on

-11-

Plaintiffs' Motion to Remand                                    1:26-cv-02267-RMI

unsupported maximums, double counting, and an unquantified assertion that compliance costs "may" be enough.

TriZetto's treatment of CAFA's exceptions further underscores that removal lacked an objectively reasonable basis. The Complaint defines the putative class as California citizens, and alleges that Open Door is a California corporation with its principal place of business in California. Yet TriZetto's Notice misstated the governing statutory framework, conflating the discretionary provision in 28 U.S.C. § 1332(d)(3) with the local-controversy exception and invoking 28 U.S.C. § 1332(d)(4)(A)(ii)—a local-controversy provision—as though it were the home-state exception. Those are not minor drafting slips. They go directly to TriZetto's effort to avoid remand in a facially local California privacy case brought by a California plaintiff on behalf of a California-citizen class against an in-state healthcare defendant.

The Government's April 2, 2026 notice under 42 U.S.C. § 233(l)(1) reinforces the same point. Plaintiff does not rely on that notice as an independent basis for remand. But the United States advised that Open Door is not deemed a Public Health Service employee "with respect to the actions or omissions that are the subject of this action," and that the United States will not remove or defend the case. That notice confirms that no federal substitution will alter the case's local character: Open Door remains an in-state California defendant for purposes of this action. At minimum, the notice further confirms that TriZetto had no sound basis to discount Open Door's local-defendant status in resisting remand.

Plaintiff should not have had to incur fees to return this local California privacy class action to the court in which it was filed. The amount sought is modest and reasonable. Plaintiff requests $6,929.50, representing only the fees and costs actually incurred because of the removal. That amount reflects the time reasonably spent reviewing the Notice of Removal and the authorities on which TriZetto relied, analyzing the asserted amount-in-controversy theories, researching the governing CAFA authorities and exceptions, evaluating the significance of the Government's § 233(l)(1) notice, and drafting this motion. The request is limited to work caused by the removal and excludes time that would have been incurred litigating the merits in any forum. Given the speculative jurisdictional theories

-12-

TriZetto advanced and the restrained amount requested, the Court should remand the case and award Plaintiff $6,929.50 under § 1447(c).

## IV.   CONCLUSION

TriZetto's Notice of Removal is a "plausible allegation" only in the most superficial sense, and Plaintiff now contests it. Under controlling law, TriZetto must support its $5,000,000 amount-in-controversy assertion with competent evidence. *Dart Cherokee*, 574 U.S. at 89 (quoted). It offers none. Instead, it relies on maximal statutory numbers, a misconstruction of the Complaint's "actual damages" allegations, speculative attorneys' fees, and an unquantified injunction it says "may exceed" $5,000,000. That is insufficient to establish CAFA jurisdiction by a preponderance of the evidence

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this action to the Superior Court of the State of California, County of Humboldt.

Dated: April 14, 2026                                    **POTTER HANDY, LLP**


By: ___/s/James M. Treglio_____
          James M. Treglio
          Isabel Rose Masanque
          Counsel for Plaintiff

-13-

Plaintiffs' Motion to Remand                                    1:26-cv-02267-RMI