**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
*kevin@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Tel: 310.861.7797

**CIPRIANI & WERNER, P.C.**
Jill H. Fertel (*pro hac vice forthcoming*)
*jfertel@c-wlaw.com*
Ryan P. Slaven (*pro hac vice forthcoming*)
*rslaven@c-wlaw.com*
Three Valley Square, Suite 305
512 E. Township Line Road
Blue Bell, PA 19422
Tel: (610) 567-0700

*Attorneys for Defendant*
*Open Door Community Health Centers*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAHN individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OPEN DOOR COMMUNITY HEALTH CENTERS, California Corporation; TRIZETTO PROVIDER SOLUTIONS, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants | Case No. 1:26-cv-02267-RMI<br><br>**DEFENDANT OPEN DOOR COMMUNITY HEALTH CENTERS' OPPOSITION TO MOTION TO REMAND**<br><br><u>Filed Concurrently:</u><br><br>1. Declaration of Kevin J. Cole<br><br><u>Hearing:</u><br><br>Date:  June 4, 2026<br>Time: 2:00 p.m.<br>Crtm: 10<br>Judge:Hon. Araceli Martínez-Olguín |

<u>**MEMORANDUM AND POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF CHARLES HAHN'S MOTION TO REMAND**</u>

# TABLE OF CONTENTS

I.      **FACTUAL BACKGROUND**………………………………..………...…2

II.     **LEGAL STANDARD**……………………………………….……………4

III.    **LEGAL ANALYSIS**……………………………………………………..6

    **A. The Amount in Controversy Satisfies CAFA Jurisdictional Requirement**………………………………………………………6

        **1. Plaintiff's Demand for Statutory Damages Far Exceeds Five Million Dollars**……………………………………………………7

        **2. Plaintiff Seeks Additional Unspecified Monetary Damages**……………………………………………………...8

        **3. Plaintiff Demands Attorneys' Fees**………………………………9

        **4. Plaintiff Demands Substantial Injunctive Relief**………………...9

    **B. Plaintiff has not Established any Exception to CAFA**………………10

IV.     **JURISDICTION IS PROPER PURSUANT TO 42 U.S.C. § 1441(a)**…………………………………………………...……………..12

V.      **CONCLUSION**……………………………………………………15

# **TABLE OF AUTHORITIES**

**Cases**

*Arias v. Residence Inn by Marriot,* 936 F.3d 920 (9th Cir. 2019)……………………….6

*Beasley v. Lucky Stores, Inc.,* 379 F. Supp. 3d 1039 (2019)……………………..…...11

*Blumberger v. Tilley,* 115 F.4th 1113, 1127-28 (9th Cir. 2024)………………………12

*Bridewell-Sledge v. Blue Cross of Cal.,* 798 F.3d 923 (9th Cir. 2015)…………....…10

*Chabner v. United Omaha Life Ins. Co.,* 225 F.3d 1042 (9th Cir. 2000)………………7

*Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1152 (C.D. Cal. 2010)….11

*Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81 (2014)………..…...4,6

*Doe v. Neighborhood Healthcare,* No. 3:21-cv-01587-BEN-RBB, 2022 WL 17663520, (S.D. Cal. Sept. 8, 2022)………………………………………………………………..7

*Durham v. Lockheed Martin Corp*., 445 F.3d 1247 (9th Cir. 2006)……………….……5

*Evans v. Walter Indus.,* 449 F.3d 1159 (11th Cir. 2006)…………………………..…..11

*Friedenberg v. Lane Cnty.,* 68 F.4th 1113 (9th Cir. 2023)…………………………12,13

*Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018)……………6

*Gonzalez v. CareMax Auto Superstore,* 840 F.3d 644 (9th Cir. 2016)……………....…7

*Hanlon v. Chrystler Corp.,* 150 F.3d 1011 (9th Cir. 1998)…………………………..…6

*Hui v. Castaneda,* 559 U.S. 799 (2010)……………………………..………………..…13

*Hunynh v. Sutter Health,* No. 2:20-cv-1757-MCE-CKD, 2021 WL 2268889 (E.D. Cal. June 3, 2021)………………………………………..…………………………………..13

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015)…………….....…4,6

*Krandle v. Refuah Health Center, Inc.*, 22-cv-4988-KMK, 2024 WL 1075359 (S.D.N.Y. March 12, 2024)……………………………………………………………...14

*Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008)…………………7

*Leite v. Crane Co.,* 749 F.3d 1117 (9th Cir. 2014)……………………………………...5

*Mixon v. CareSouth Carolina*, 4-22-cv-00269-RBH, 2022 WL 1810615 (D.S.C. June 2, 2022)………………………………………………………………………………14

*Perez v. Rose Hills Company*, 131 F.4th 804 (9th Cir. 2005)……………………………6

*Ramirez v. Benihana Nat'l Corp.,* No. 18-cv-05575-MMC, 2019 BL 6408, at *2 (N.D. Cal. Jan. 8, 2019)……………………………………………………….…..6

*Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007)……………5,10

**Statutes, Rules, & Regulations**

28 U.S.C. §1332……………………………………………………………………4,11

28 U.S.C. § 1446……………………………………………………………...…...6

42 U.S.C. § 233…………………………………………………………...12,13,14

Cal. Civ. Code § 56…………………………………………………………..2

Cal Civ. Code §1798.150………………………………………………….…2,8

Cal. Civ. Code §1798.100………………………………………………2,8

## I.    FACTUAL BACKGROUND

On February 2, 2026, Plaintiff Charles Hahn ("Plaintiff") commenced the above-referenced action in Superior Court of the State of California for the County of Humboldt ("Superior Court") by filing a Class Action Complaint ("CAC") against Defendant Open Door Community Health Centers and co-defendant TriZetto Provider Solutions, LLC ("TriZetto") (collectively, "Defendants") for damages and injunctive relief for (1) California Confidentiality of Medical Information Act § 56 *et seq.* ("CMIA"); (2) California Consumer Privacy Act §1798.150 ("CCPA"); (3) California Privacy Rights Act §1798.100; (4) Negligence; and (5) Negligence Per Se. *See* CAC, attached as Exhibit 1 to the Declaration of Kevin J. Cole ("Cole Decl.").

Plaintiff purportedly brings this action in response to Defendants' alleged mishandling of Plaintiff's protected health information ("PHI") and personally identifiable information ("PII") (collectively, "Private Information"). *See Id.* at ¶¶ 4, 19. Specifically, Plaintiff alleges that Open Door recorded his private information into its digital medical record system during medical treatment; this information was purportedly shared with TriZetto in accordance with its healthcare transaction processing services. *See Id.* at ¶ 19; *see also* Declaration of Chief Compliance and Risk Officer Joseph Ohens, March 24, 2026, at ¶ 22, attached as Exhibit 2 to the Cole Decl. This is not an isolated incident but is instead based on a nationwide data security

2

incident believed to impact at least 3,44,965 individuals throughout the United States.[1]

Of more than 3.4 million potentially impacted individuals, 6,633 were patients of Open Door.[2] These 6,633 individuals form the basis of Plaintiff's putative class action.[3]

Open Door operates thirteen Federally Qualified Health Centers and three mobile medical and dental treatment facilities pursuant to Section 330 of the Public Health Service Act. *See* Ex. 2 at ¶¶ 2, 8. Open Door provides comprehensive primary and preventive care, including health, dental, mental health, and substance abuse services to persons of all ages, regardless of their ability to pay or their health insurance status. At all times relevant to the CAC, Open Door was and has been a "deemed" entity under the Federal Tort Claims Act, affording Open Door and its providers immunity from suits for damages related to the provision of medical services within the scope of federal deeming. *See* 42 U.S.C. § 233(a).

On March 20, 2026, Open Door notified the Department of Health and Human Services ("HHS") of the litigation asked the United States to take on its statutorily mandated obligation to defend Open Door in the instant litigation. On April 10, 2026, the United States Attorney's Office ("USAO") issued notice denying Open Door's request. *See* USAO Correspondence attached hereto as Exhibit 3 to the Cole Decl. On March 16, 2026, TriZetto filed Notice of Removal of Class Action ("Notice of Removal") to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.

---

[1] *See Id.*
[2] *See Id.*
[3] *See* https://www.hipaajournal.com/trizetto-provider-solutions-data-breach/ (last accessed April 27, 2026).

3

§1332(d). *See* [Dkt. No. 1].  At this time, Open Door had not yet had the opportunity to remove this action under independent grounds. On April 14, 2026, Plaintiff filed Motion to Remand to State Court[4].  In its motion, Plaintiff argues TriZetto failed to establish the amount in controversy exceeds $5,000,000, CAFA exceptions apply, and Open Door's anticipated post-removal motion for federal substitution does not alter "party alignment relevant to CAFA's local-defendant considerations."

As set forth herein, this Court properly has jurisdiction over the instant action. Accordingly, Open Door respectfully submits that Plaintiff's Motion to Remand this action should be denied.

## II.    LEGAL STANDARD

The standard for a pleading removing a state action to federal court is the same general pleading requirement imposed by Rule 8(a) of the Federal Rules of Civil Procedure; a removing defendant is required to file a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 88 (2014) (citations omitted). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).. A removing defendant need only make a *plausible* allegation that CAFA's amount of controversy requirement is satisfied; a removing defendant is not required to

4

submit evidence to that effect unless the amount in controversy is contested by the plaintiff. *See Id.* (citation omitted). Upon such a challenge, both parties are to submit evidence with respect to the amount in controversy, allowing the trial court to determine whether the amount in controversy has been satisfied by a preponderance of the evidence. *See Id.*  CAFA is subject to exceptions; when a party seeks remand to state court pursuant to a CAFA exception, the challenging party bears the burden of establishing that the exception applies. *See Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).

The Federal Officer Removal Statute authorizes removal of any civil action brought against a person acting as an officer of the United States related to the performance of that office. *See* 28 U.S.C. § 1442(a)(1); *see also Leite v. Crane Co.,* 749 F.3d 1117, 1120 (9th Cir. 2014).  The Ninth Circuit has recognized "a clear command from both Congress and the Supreme Court" that Section 1442 is to be construed broadly and read in favor of removal. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  To establish jurisdiction under Section 1442, a defendant must establish "that it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable favorable defense.'" *Id.* at 1251 (citations omitted.)

## III.   LEGAL ANALYSIS

### A. The Amount in Controversy Satisfies CAFA Jurisdictional Requirement

"A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart,* 574 U.S. at 85. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.  *Id.*  If a plaintiff contests the defendant's allegation, both sides are required to submit evidence that shall allow the district court to decide the amount in controversy by a preponderance of the evidence. *Id.* at 88.

A removing defendant "'is permitted to rely on 'a chain of reasoning that includes assumptions'' to calculate the amount in controversy." *Perez v. Rose Hills Company*, 131 F.4th 804, 808 (9th Cir. 2005) (quoting *Arias v. Residence Inn by Marriot,* 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1199)). "[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds…the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Ramirez v. Benihana Nat'l Corp.*, No. 18-cv-05575-MMC, 2019 BL 6408, at *2 (N.D. Cal. Jan. 8, 2019) (quoting, *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).  The court may calculate attorney's fees as a percentage of the total recovery or as a calculation based upon the number of hours worked by plaintiff's attorneys.  *Id.* at 2 (citing *Hanlon v. Chrystler Corp.,* 150 F.3d 1011, 1029 (9th Cir.

1998)). Additionally, where injunctive relief is sought, the cost of implementing the injunctive relief sought is also included in the calculation of the amount in controversy. *See Gonzalez v. CareMax Auto Superstore,* 840 F.3d 644, 648-49 (9th Cir. 2016).

While Plaintiff does not specify the size of the putative class, he suggests that the putative class is in excess of 500 individuals. *See* Ex. 1 at ¶ 95. The estimated number of impacted persons- 6,633, is however publicly available information.[5] Plaintiff cannot minimize the potential size of the putative class by simply pleading that the number "exceeds 500 persons." *See* Ex. 1. at ¶ 95.

## 1. **Plaintiff's Demand for Statutory Damages Far Exceeds Five Million Dollars**

Among his five causes of action, Plaintiff brings three statutory claims- violation of the Confidentiality of Medical Information Act ("CMIA"), California Consumer Privacy Act ("CCPA"), and California Consumer Privacy Act ("CPRA). Plaintiff seeks associated statutory damages for each such claim. When assessing the amount in controversy between parties, "[w]here a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy is met." *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Chabner v. United Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000) (additional citations omitted)).

---

[5] *See* https://www.hipaajournal.com/trizetto-provider-solutions-data-breach/ (last accessed April 27, 2026).

Plaintiff seeks nominal damages on behalf of himself and the putative class in the amount of $1,000 per alleged violation. *See* Ex. 1 at ¶ 108. Similarly, Plaintiff seeks damages for up to $750 per impacted individual. *See Id.* at ¶ 110. Plaintiff does not specify the statutory damages sought under the CPRA; however, as the CPRA had the effect of amending and expanding the CCPA and incorporates the same statutory damages and private right of action under the CCPA, it is unlikely that Plaintiff, or the putative class, could obtain separate statutory damages for both acts based upon the same allegations. *See* Ex. 1 at ¶¶ 117-121; *see also* Cal. Civ. Code §§ 1798.150, 1798.100, *et seq*. Accordingly, Open Door does not include any additional statutory damages specific to the CPRA in its computation. Assuming an estimated putative class of 6,633, Plaintiff's demand for statutory damages, $1,750 per individual, yields a total statutory demand in the amount of $11,607,750. That number alone exceeds CAFA's jurisdictional requirement.

### 2. Plaintiff Seeks Additional Unspecified Monetary Damages

While not specifying any other amount in damages, Plaintiff demands, in addition to statutory damages, actual and punitive damages. While Open Door cannot speculate as to what the purported amount of actual and punitive damages might be, given the estimated size of the putative class, if each putative class member were to be awarded as little as $754 for actual and putative damages, that amount would exceed CAFA's jurisdictional requirements, independent of any statutory damages.

### 3. Plaintiff Demands Attorneys' Fees

While Plaintiff has not specified the precises amount of attorneys' fees demanded, he concedes that these costs would be included in the amount in controversy. The nature, scope, and size of this action are significant and the likely fees associated with litigation are substantial.

### 4. Plaintiff Demands Substantial Injunctive Relief

Plaintiff further seeks injunctive relief "including but not limited to:

    i.    Ordering that Defendants engage third-part security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis, and ordering Defendants to promptly correct any problems or issues detected by such third-party security auditors;

    ii.    Ordering that Defendants engage third-party security augitors and internal personnel to run automated security monitoring;

    iii.    Ordering that Defendants audit, test, and train their security personnel regarding any new or modified procedures;

    iv.    Ordering that Defendants' segment customer data by, among other things, creating firewalls and access controls so that if one area of Defendants' systems is compromised, hackers cannot gain access to other portions of Defendants' systems;

    v.    Ordering that Defendants purge, delete, and destroy in a reasonably secure manner customer data not necessary for their provisions of services;

    vi.    Ordering that Defendants conduct regular database scanning and securing checks;

    vii.    Ordering that Defendants routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain

a breach when it occurs and what to do in response to a breach; and

viii.    Ordering Defendants to meaningfully educate their current, former, and prospective employees and subcontractors about the threats they face as a result of the loss of their financial and personal information to third parties as well as the steps they must take to protect themselves.

Ex. 1 at *ad damnum* clause.

Plaintiff demands substantial injunctive relief for an unlimited- indeed indefinite, period of time. These measures are not without cost. Moreover, as Plaintiff appears to seek this injunctive relief imposed upon *two* parties, whatever the value of such relief would be effectively doubled.

### B. Plaintiff has not Established any Exception to CAFA

Importantly, Plaintiff has failed to show the application of any exception to CAFA. In a motion to remand, the moving party bears the burden of establishing that an exception to CAFA applies. *See Serrano,* 478 F.3d at 1021-22. Plaintiff has made no effort at establishing any exception to CAFA; instead, he simply suggests that unspecified exceptions apply. *See* Mot. To Remand [Dkt. No. 14].  This fails to establish an exception as a matter of law.

The purpose of the so-called local controversy exception is to ensure that class actions with a local focus remain in state court, reflecting the strong state interest in resolving local disputes.  *Bridewell-Sledge v. Blue Cross of Cal.,* 798 F.3d 923, 928 (9th Cir. 2015). The local controversy exception instructs the district court to decline

jurisdiction where: (1) more than two thirds of the putative class members are citizens of the state in which the state action was filed; (2) at least one defendant whose conduct forms a significant basis of the claims, from whom significant relief is sought by the putative class, is a citizen of the state in which the action was filed; (3) principle injuries result from the alleged conduct of each defendant were incurred in the state in which the action was filed; and "***during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants***[.] 28 U.S.C. §1332(4)(A). The exception is narrow and "a federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy- a controversy that uniquely affects a particular locality to the exclusion of all others." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1152 (C.D. Cal. 2010) (quoting *Evans v. Walter Indus.,* 449 F.3d 1159, 1163-64 (11th Cir. 2006). This Court has previously rejected the application of the local controversy exception where related nationwide litigation exists- even in cases tailored to a class of California residents bringing California statutory claims. *See Beasley v. Lucky Stores, Inc.,* 379 F. Supp. 3d 1039 (2019) (finding that class actions challenging nationwide conduct are not "local" regardless of the addition of a local defendant and a narrow putative class).

The instant matter is not a local controversy subject to the limited interest of the state of California. This is only one of several actions now pending related to the TriZetto Security Incident. A non-exhaustive sampling of related actions is listed below:

- *Rosado v. TriZeto Provider Solutions, et al*, 4:25-cv-01837 (E.D. Mo. Dec. 17, 2025)
- *Longo v. TriZeto Provider Solutions, LLC,* 4:25-cv-01845 (E.D. Mo. Dec. 17, 2025)
- *Scorpio v. TriZetto Provider Solutions, LLC,* 4:25-cv-01860 (E.D. Mo. Dec. 19, 2025)
- *Rossi v. TriZetto Provider Solutions, LLC, et al*, 4:25-cv-01862 (E.D. Mo., Dec. 19, 2025)
- *Burge, et al, v. Cognizant Technology Solutions Corporation, et al*, 2:25-cv-18908 (D. N.J. Dec. 22, 2025)
- *Lytle, et al, v. TriZetto Provider Solutions, LLC, et al,* 2:25-cv-18938 (D.N.J. Dec. 23, 2025)

Dozens of related actions have been filed throughout the United States. At least three such actions have been filed in April of 2026 alone. This is not a matter of local interest but a matter of national import.

**IV.   JURISDICTION IS PROPER PURSUANT TO 42 U.S.C. § 1441(a)**

Open Door is a "deemed entity" and as such, an employee of the Public Health Service. 42 U.S.C. §233(g) authorizes HHS to "deem" a federally funded health center as an employee of HHS for the purpose of protecting that health center pursuant to the FTCA. *See Friedenberg v. Lane Cnty.,* 68 F.4th 1113, 1125 (9th Cir. 2023) That determination by HHS is "final and binding" upon HHS and the Attorney General. *See Blumberger v. Tilley,* 115 F.4th 1113, 1127-28 (9th Cir. 2024).

Congress saw fit to ensure that employees of the Public Health Service ("PHS") are afforded immunity from civil liability for damages "resulting from the performance of medical, surgical, dental or related functions[.] 42 U.S.C. §233(a). "The FSHCAA 'provides that the exclusive remedy for damages resulting from the performance of medical functions by employees of the U.S. Public Health Service acting within the scope of their employment is a claim against the United States under the FTCA.'" *Hunynh v. Sutter Health,* No. 2:20-cv-1757-MCE-CKD, 2021 WL 2268889 (E.D. Cal. June 3, 2021) (citing 42 U.S.C. §233(g)). The statute further allows for federally supported health centers to be deemed employees of the PHS. *See Id.* Once afforded that designation, federally supported health centers are afforded "absolute immunity . . . for actions arising out of the performance of medical or related functions[.]" *Hui v. Castaneda,* 559 U.S. 799, 806 (2010). Congress enacted the FSHCAA to ensure federal funds were used where they were most needed- to provide necessary health care services. *Friedenberg,* 68 F.4th at 1125 (citing, H.R. Rep. No. 104-398, at 5 (1995)).

The absolute immunity established by section 233(a) ensures that the exclusive remedy for damages must be directed to and against the United States pursuant to the FTCA. *See Friedenberg,* 68 F.4th at 1125. Once "deemed" an employee of PHS by the HHS, the statute makes clear that the Attorney General *shall* defend the deemed entity against any civil action brought pursuant to section §233(a). 42 U.S.C. §233(b).

Open Door notified HHS of the instant litigation in a timely manner. *See* Ex. 2. On April 10, 2025, the USAO declined to undertake the defense of Open Door. In accordance with 42 U.S.C. §233(l)(2), Open Door intends to move this Court for a determination as to whether the alleged injuries sought by Plaintiff are related to Open Door's provision of medical and related functions. As obtaining, storing, and maintaining electronic health records is a core function of the modern practice of medicine, the conduct alleged by Plaintiff clearly falls within the category of medical or related functions. *See Doe v. Neighborhood Healthcare,* No. 3:21-cv-01587-BEN-RBB, 2022 WL 17663520, * 7 (S.D. Cal. Sept. 8, 2022) (allegations of a FQHC's "failure to maintain and protect the confidential information from unauthorized access" "is a related function because maintaining confidential personal and health information is necessary to effectively treat patients); *see also Mixon v. CareSouth Carolina*, 4-22-cv-00269-RBH, 2022 WL 1810615 (D.S.C. June 2, 2022); *Krandle v. Refuah Health Center, Inc.*, 22-cv-4988-KMK, 2024 WL 1075359 (S.D.N.Y. March 12, 2024) (allegations of unlawful access to PHI by a cybercriminal is a related function subject to immunity under 42 U.S.C. § 233). As Open Door is entitled to a determination by this Court, and intends to invoke the immunity afforded it by 42 U.S.C. § 233, 28 U.S.C. § 1442 provides independent grounds for federal jurisdiction.

## V.     CONCLUSION

This matter is properly before this Honorable Court. Defendant Open Door Community Health Centers respectfully requests this Court deny Plaintiff's Motion to Remand.

Dated:  April 28, 2026                              **KJC LAW GROUP, A.P.C**

                    By:  *_/s/ Kevin J. Cole_*
                         Kevin J. Cole
                         *Attorney for Defendant*
                         *Open Door Community Health Centers*

15

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 28, 2026, I caused to be served a true and correct copy of the foregoing document, together with the attached Defendant Open Door Community Health Centers' Opposition to Motion to Remand filed on April 28, 2026 in the United States District Court for the Northern District of California by first class and electronic mail to Plaintiff's attorneys of record to the address below:

Potter Handy LLP
Mark D. Potter (SBN 166317)
James M. Treglio (SBN 228077)
Isabel Rose Masanque (SBN 292673)
classactions@potterhandy.com
100 Pine Street, Ste 1250
San Francisco, CA 94111
Ph: (415) 534-1911
Fax: (888) 422-5191

Norton Rose Fulbright US LLP
Eva Yang (SBN 306215)
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Fax: (213) 892-9494
Eva.yang@nortonrosefulbright.com

Dated: April 28, 2026

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.
*kevin@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Tel: 310.861.7797

Attorney for Defendant Open Door Community Health Centers

16