**NORTON ROSE FULBRIGHT US LLP**
EVA YANG (BAR NO. 306215)
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
eva.yang@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
JASON K. FAGELMAN (*Pro Hac Vice Application Forthcoming)*
JOSEPH E. SIMMONS (*Pro Hac Vice Application Forthcoming*)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
jason.fagelman@nortonrosefulbright.com
joseph.simmons@nortonrosefulbright.com

*Attorneys for TriZetto Provider Solutions, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAHN,<br><br>              Plaintiff,<br><br>      v.<br><br>OPEN DOOR COMMUNITY HEALTH CENTERS, a California corporation; TRIZETTO PROVIDER SOLUTIONS, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No. 3:26-cv-02267-AMO<br><br>**DEFENDANT TRIZETTO PROVIDER SOLUTIONS, LLC'S NOTICE OF UNOPPOSED MOTION AND MOTION TO TRANSFER PLAINTIFF'S COMPLAINT TO THE EASTERN DISTRICT OF MISSOURI PURSUANT TO 28 U.S.C. § 1404; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        June 18, 2026<br>Time:        2:00 pm<br>Place:       Courtroom 10<br>Judge:       Hon. Martínez-Olguín |

DOCUMENT PREPARED ON RECYCLED PAPER

2026-04-29 NDCA Hahn v. Open Door et al -
Unopposed Motion to Transfer to EDMO.docx

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 18, 2026, at 2:00 p.m., in Courtroom 10, of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant TriZetto Provider Solutions, LLC ("**TPS**") will and hereby does move to transfer Plaintiff's Complaint pursuant to 28 U.S.C. § 1404(a).

This Motion is based on this Notice of Unopposed Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other written or oral argument as may be properly presented to the Court at or before the hearing.

Counsel for TPS has conferred with counsel for Plaintiff, who confirmed that Plaintiff does not oppose the relief requested. Counsel for TPS has also conferred with counsel for Open Door Community Health Center ("**Open Door**"), who confirmed that Open Door does not oppose the relief requested.

Respectfully Submitted,

Dated:        April 29, 2026        **NORTON ROSE FULBRIGHT US LLP**
EVA YANG
JASON K. FAGELMAN
JOSEPH E. SIMMONS


By:   */s/ Eva Yang*
EVA YANG
Attorneys for Defendant
TRIZETTO PROVIDER SOLUTIONS
LLC

DOCUMENT PREPARED
ON RECYCLED PAPER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. <u>INTRODUCTION</u>

Pursuant to 28 U.S.C. § 1404(a), Defendant TriZetto Provider Solutions, LLC ("**TPS**") moves to transfer this case to the United States District Court of the Eastern District of Missouri, Eastern Division, where the first-filed action relating to the data incident at issue is pending.[1] Both Plaintiff and Defendant Open Door Community Health Centers ("**Open Door**") are unopposed to the transfer.

### II. <u>BACKGROUND</u>

TPS is a healthcare information technology services provider with its principal place of business in Earth City, Missouri. Compl. ¶ 22. Open Door is a non-profit healthcare organization that allegedly made use of TPS's services. *Id.* ¶¶ 21, 27-28. Plaintiff alleges that he provided his personal information to Open Door, and that he received a notice letter informing him of a data incident affecting TPS's systems that took place on or about October 2, 2025, allegedly resulting in the compromise of her personal information (the "**Incident**"). *Id.* ¶¶ 31-32, 41. He asserts various common law and state statutory claims against TPS and Open Door, and seeks to certify a California class of individuals affected by the Incident.

This action is not the first putative class action against TPS relating to the Incident. The first-filed such action, *Niessing v. TriZetto Provider Solutions, et al.*, No. 4:25-cv-01861, was filed in the Eastern District of Missouri on December 19, 2025. *See* Ex. A (*Niessing* docket and complaint). Later-filed actions in the Eastern District of Missouri were subsequently consolidated into the first-filed *Niessing* action under the caption *In re TriZetto Provider Solutions Data Breach Security Litigation*. Like this action, the first-filed *Niessing* action alleges that the plaintiff provided personal information to a healthcare organization that made use of TPS's

---

[1] TPS does not waive, and expressly reserves, its right to seek dismissal under Rule 12(b)(2) on the basis that this Court lacks personal jurisdiction over it given its lack of relevant forum contacts. The Court can decide this § 1404 motion for venue transfer without first determining whether it has personal jurisdiction over TPS. *See, e.g.*, *Southard v. Kipper Tool Co.*, 2023 WL 6959145, at *2 (N.D. Cal. Oct. 19, 2023).

DOCUMENT PREPARED ON RECYCLED PAPER

services, alleges that the plaintiff's information was compromised in the Incident, asserts various common law claims including negligence, and seeks to certify a nationwide class of individuals allegedly affected by the Incident.

## III.    ARGUMENT

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division . . . to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of a change of venue under Section 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted). In particular, "the well-established 'first to file rule' allows a district court to transfer . . . an action when a similar complaint has already been filed in another federal court[.]" *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). To determine whether the first-filed rule applies, the court considers the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). This first-filed rule requires "only substantial similarity of parties," not identity. *Id.* "In a class action, the classes, and not the class representatives, are compared." *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008). Even when the second-filed suit seeks to represent a narrower putative class than the first-filed suit, the first-filed rule applies so long as "both classes seek to represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013).

Given these well-established principles, the first-filed rule applies here. The *Niessing* action was filed on December 19, 2025, while this action was filed on February 2, 2026, and removed on March 16, 2026. Both actions involve a common defendant, TPS, and the same alleged Incident. The actions involve overlapping proposed putative classes, with this action proposing a putative California class that

2026-04-29 NDCA Hahn v. Open Door et al -                        - 4 -
Unopposed Motion to Transfer to EDMO.docx
TPS'S NOTICE OF MOTION AND MOTION TO TRANSFER

DOCUMENT PREPARED
ON RECYCLED PAPER

would be entirely contained within the putative nationwide class proposed in the *Niessing* action. Litigating in a single forum will be more cost effective and will foster judicial economy by permitting a single resolution to all related claims.

Although transfer under the first-filed rule is discretionary, it "should not be disregarded lightly." *Alltrade*, 946 F.2d at 625. Once the Court determines that the requirements are satisfied, it should apply the first-filed rule unless circumstances warrant an equitable exception. *Alltrade*, 946 F.2d at 628. The Ninth Circuit has identified only three grounds for such an exception: "bad faith, anticipatory suit, and forum shopping." *Id.* Since each of these exceptions looks at the motives of "the party who filed the first-filed action," they cannot apply here, where TPS is defendant in both actions, not defendant in one and plaintiff in another. *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 708 (N.D. Cal. 2021).

The Ninth Circuit has made clear that courts should not decline to apply the first-filed rule on grounds of inconvenience because any forum non conveniens argument "should be addressed to the court in the first-filed action," not to the court of the later-filed action. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982). But even if the Court were to consider convenience, it weighs in favor of transfer to the Eastern District of Missouri, Eastern Division, where (i) all parties have consented to transfer, (ii) TPS has its principal place of business, and (iii) this action can be efficiently consolidated into the first-filed *Niessing* action.

This action should therefore be transferred to the Eastern District of Missouri, Eastern Division, where the consolidated *In re TriZetto Provider Solutions Data Breach Security Litigation* action is pending.

## IV.    **CONCLUSION**

For the reasons stated herein, TPS requests that this Court grant this Unopposed Motion to Transfer and enter an order transferring this civil action to the United States District Court for the Eastern District of Missouri, Eastern Division.

Respectfully Submitted,

Dated:        April 29, 2026

EVA YANG
JASON K. FAGELMAN
JOSEPH E. SIMMONS
NORTON ROSE FULBRIGHT US LLP


By: */s/ Eva Yang*
     EVA YANG
Attorneys for Defendant

DOCUMENT PREPARED
ON RECYCLED PAPER

2026-04-29 NDCA Hahn v. Open Door et al -
Unopposed Motion to Transfer to EDMO.docx

- 6 -

TPS'S NOTICE OF MOTION AND MOTION TO TRANSFER